WILLIS A. SPRATLIN v. COLSON BROS.

1. FRAUDULENT CONVEYANCE. *Sales. Partnership goods. Sale by one partner. Fraud.*

The sale by one partner of the entire stock of partnership goods is not void as to creditors for want of the joinder therein of his co-partner, when made in pursuance of the well-known intention of the firm to sell out, and is unattended by any circumstance affecting the purchaser with notice of seller's fraudulent intent.

2. SAME. *Decree of chancellor. Manifest error. Innocent purchaser. Bankrupt Act 1898, sec. 67, e.*

The conclusion of a chancellor that a sale within four months of the vendor's adjudication in bankruptcy is within the exception contained in § 67, e, of the bankrupt act in favor of purchasers in good faith for a present valuable consideration, and therefore valid, will not be disturbed on appeal when it is supported by the evidence, or is at least not manifestly wrong.

3. RECORDS. *Bankruptcy. Certificate of referee. Bankrupt Act 1898, sec. 21, d.*

A record purporting to show the petition for a debtor's adjudication in bankruptcy, the adjudication, the appointment and qualification of the trustee, and a list of the debts proved against the bankrupt estate, is admissible in evidence when authenticated by the certificate of the referee.

FROM the chancery court of Tunica county.

HON. A. McC. KIMBROUGH, Chancellor.

Spratlin, appellant, was plaintiff in the court below; Colson Bros., appellees, were defendants there. The opinion sufficiently states the case.

*J. P. Lowe,* for appellant.

1. The deposition of the referee in bankruptcy proved the appointment of the trustee, the adjudication, bond, etc., by not only the sworn statement of the said referee, but also by the copies of the original petition, adjudication appointment, etc., exhibited therewith, all of which were certified as the law directs; yet the learned chancellor held that this was not enough; that there was no proof that John A. Davis was referee; that said copies must be certified as copies from a court of a foreign country must be certified; and thus holding, he sustained a motion to suppress the said deposition and exhibits.

Under the provisions of the bankruptcy act (sec. 42) referees are required to keep in a book all the proceedings in a cause, and when the cause is concluded, the book, with all the papers, must be certified by said referee to the court of bankruptcy, where the same remains a part of the record of the court. This cause was not concluded when John A. Davis, referee, gave his deposition; it is not concluded now. How then can it be insisted that the clerk of the United States District Court, the court of bankruptcy, should certify to the orders, etc., before the cause is concluded.

We insist that when a trustee in bankruptcy brings his suit in a state court, as such trustee, and sets out his appointment, etc., all has been done that is required under the law.

2. We contend that the sale by Harris to appellee of the stock of goods of his firm was void under both the bankrupt law and the state law, and call attention to sec. 67, subsec. "e," of the bankrupt law.

That said Waller & Harris were insolvent within the per-

view of the bankrupt law, we suppose will not be denied. As to the effect of their insolvency at the time of the sale, see Bankrupt Act; Brandenburg on Bankruptcy, p. 53.

That Harris in selling the goods intended to defraud, hinder, or delay his creditors, is manifest. The bankrupt law in defining insolvency, is retroactive, and reaches back four months from the date of the filing of the petition in bankruptcy, and takes in all the transfers, etc., of the bankrupt within said period, and one will not be allowed to consider the question, without taking into consideration such transfers, etc. As to transfers like that here involved, see *Carson, Pirie, Scott & Co.* v. *Chicago Title and Trust Co.,* 182 U. S., 438.

The evidence really shows collusion on the part of appellee with the fraudulent debtor, but conceding that it does not, and that appellees were even without notice of any suspicious circumstance connected with the sale, still they did not buy for a present fair consideration. A present fair consideration is a reasonably full value cash consideration; nothing more, nothing less. This sub-sec. "e" of sec. 67 is unlike all the other bankrupt laws, so far as we have been able to find out, and the reason that purchasers in good faith, in buying of a failing debtor, who seeks to defraud his creditors, are required to pay a present fair consideration for the property purchased is to prevent the possibility of fraud being perpetrated on creditors. The bankrupt law means equality of payment. *Chism* v. *Bank,* 77 Miss., 599.

3. Again, we insist that said sale is void under the state law, and therefore is void under the bankrupt law, as provided by the latter part of said subsec. "e" of sec. 67. Waller & Harris were partners in business. Waller was the head of the firm, and was otherwise engaged only about three miles away, there being both railroad and telephone communication between the two points. This sale comes squarely under the condemnation laid down in *Mayor et al.* v. *Bernstein,* 69 Miss., 17.

We contend that *Stegall* v. *Coney,* 49 Miss., 761, is directly

in point in this suit; that case went off on the ground that Gaines, one of the partners of the firm, without the consent of the other partner, sold the entire stock and appropriated the effects and proceeds to his own use, thereby ending the business, and also the partnership, and for that reason the court held the sale void.

*F. A. Montgomery, Jr.,* for appellee.

1. I submit that the chancellor could in no event have decided this case in favor of the appellant on its merits, as the proof shows that if there was any fraud on the part of Harris, these appellees were no parties to it, and did not know, and could not have known it; that if the firm of Waller & Harris was insolvent, these appellees did not know, and could not have known it, and if the sale was made for the purpose of becoming bankrupt, or in contemplation of bankruptcy, these appellees did not know and could not have known it.

That these appellees took every precaution they could have taken to ascertain what debts were owing, and to see that these were paid, and could not have done more, and were not required to do more.

A sale by a bankrupt person, or by one in contemplation of bankruptcy, is not void as to purchasers in good faith without notice, for a present fair consideration. Bump. on Bankruptcy, p. 91. The trustee in bankruptcy may not recover from a person to whom goods were sold by a bankrupt if the purchaser is a *bona fide* purchaser without notice for value. Bump., p. 93. A transfer by a bankrupt is not void unless the transferee did know, or had reasonable cause to believe, that the sale was made in contemplation of bankruptcy. Where no fraud exists, such property cannot pass to the trustee. In an action to recover goods sold on the eve of bankruptcy, the complainant must prove that the defendant knew that the vendor's intent was to defraud, and that he guiltily combined and colluded with the vendor. Bump. on Bankruptcy, p. 829.

It is insisted for appellant that Harris did not have authority to sell the entire stock of goods of the firm of Waller & Harris. I submit that this view is erroneous. If the partnership be of a general commercial nature, one partner may sell the entire partnership property. Story on Agency, sec. 124; *Ellis* v. *Allen* (Ala.), 2 So. Rep., 676; *Mont-Joy* v. *Holden,* 12 Am. Dec., 331; *Stegall* v. *Coney,* 49 Miss., 761.

In the case last cited our supreme court expressly decided that one partner may sell the entire property of the firm, and the sale will be good, unless the sale was made by such partner with intent to defraud his partner, and the purchaser knew, or by the exercise of diligence could have known this. I submit that this decision of our own supreme court is decisive of this proposition under the proof in this case. There is absolutely no proof that these appellees knew, or had any grounds to even suspect, any fraud on the part of Harris. They knew that both Waller and Harris had been endeavoring to sell the stock of goods for a considerable time; they knew that it was as much the wish of Waller to sell as it was of Harris, and they did not know, and could not have known, that it was the intention of Harris to defraud his partner. There is not an iota of proof to sustain any such charge, and on the contrary the proof shows just the reverse to be the case.

2. But even if the complainant had a case, he was never in court in this cause. The chancery court properly sustained the motion to exclude the deposition of John A. Davis, and excluded the exhibits to the same. It will not be contended for a moment that the complainant, suing as a trustee in bankruptcy, must not prove as his initial step that he was the trustee, and what proof was necessary to establish this fact?

First. That the firm of Waller & Harris had been legally adjudged bankrupt. Second. That complainant has been legally appointed trustee. And how must this proof be made? Manifestly only by a full and complete transcript of the record of the proceedings in the district court of the United States,

at Oxford, by which these things were done. It must surely be shown that these parties were before the court, in order to give the district court jurisdiction. If the exhibits offered to Davis' deposition could be admitted, they prove nothing of this kind. There is nothing showing that Harris was ever before the district court, or was ever cited to be there. It is certainly the law that where a petition is filed by one partner to have the firm adjudged a bankrupt, the other partner must have legal notice, and so must the creditors of the firm. 11 Am. & Eng. Enc. Law, pp. 22 and 26. There is nothing of this kind in any of these exhibits. But none of these exhibits are legally proven. They can only be authenticated by the clerk of the court with the seal of the court. The trustee must prove his official character, by exhibiting to the court all of the proceedings in the bankruptcy case. 11 Am. & Eng. Enc. Law, p. 40. On the entire record I respectfully submit that the decree of the chancellor is correct, and should be affirmed.

Terral, J., delivered the opinion of the court.

W. A. Spratlin, trustee of the estate of Waller & Harris, bankrupts, sued Colson Bros. in the chancery court of Tunica county for the value of a stock of goods, wares, and merchandise sold to them by Harris, one of said firm of bankrupts, within a month of the adjudication of them as bankrupts. Harris, upon selling the stock of goods to Colson Bros., left the state, whereupon Waller filed his petition to have said firm adjudicated and declared bankrupts, which adjudication, in due course of law, was made. Upon said adjudication Spratlin was appointed trustee of the estate of said bankrupts, and duly qualified as such by giving the bond required by the referee in bankruptcy. Debts to an amount greater than $700 were proven against said estate, whereupon Spratlin filed his petition in the chancery court of Tunica county alleging the adjudication of said Waller & Harris as bankrupts, his appointment and qualification as trustee, and the existence of said

debts so proven against said estate. The petition further alleged that said sale of said stock of goods by Harris to Colson Bros. was an act of bankruptcy, made with a view to defraud the creditors of said firm, and accepted by Colson Bros. with knowledge of its fraudulent purpose. The petition charged that the sale of the said stock of goods of Waller & Harris to Colson Bros. was void: (1) Because said sale was made by Harris alone, without the concurrence of Waller; and (2) because said sale was intended to defraud the creditors of said copartnership of Waller & Harris, of which fraudulent purpose said Colson Bros. were cognizant. All the allegations of the petition were denied by the answer of Colson Bros., but not under oath, answer upon oath being waived by the bill. The deposition of John A. Davis, referee in bankruptcy, was taken, and he exhibits with his deposition a copy of the record adjudicating said Waller & Harris to be bankrupts, the appointment and qualification of Spratlin as trustee, a list of the debts proved against the estate of said bankrupts, the petition filed as the basis of said proceedings in bankruptcy—all duly certified by said referee, but certified by him only. Depositions of other persons were taken, showing that the stock of goods sold by Harris to Colson Bros. was all the property owned by Waller & Harris, and was sold for $600, and, as a consequence, under the bankrupt law, said sale was an act of bankruptcy as to them. The answer of Colson Bros. alleged them to be *bona fide* purchasers of said stock of goods without knowledge of any evil intent on the part of Harris in making said sale, and the evidence upon this point would have authorized the chancellor to have found Colson Bros. free from any intention to defraud in the purchase of said stock of goods. It was also in evidence that Waller & Harris had determined to sell their stock of goods, and to quit the mercantile business, and at the time of the sale made by Harris they were on the lookout for a purchaser. Upon the motion of Colson Bros., the court suppressed the deposition of Davis, the referee in bankruptcy, and dis-

missed the petition of Spratlin; from which action an appeal is taken here.

1. Upon what ground the court suppressed the deposition of John A. Davis, the referee in bankruptcy, we do not understand. The matters in the bankruptcy proceeding certified by him were essential to show a right of action in Spratlin, unless the certification was rendered unnecessary by § 1797, code 1892. That proceedings in bankruptcy may be certified by the referee only is provided for by sec. 21d of the United States bankrupt act of July 1, 1898.

2. The sale by Harris singly of the stock of goods in *solido* of Waller & Harris, being without any suspicious circumstances, as the intention of the firm to sell out the business was well known in the community, was valid. *Stegall* v. *Coney,* 49 Miss., 761, 768.

3. If, however, the action of the court be predicated upon the ground that Colson Bros. are purchasers for value of said stock of goods without notice of any fraud upon the part of Harris, the case should have been dismissed; and upon this point the finding of the chancellor is supported by the evidence, or, at least, it cannot be said to be manifestly wrong. Bankr. Act, sec. 67e; Coll. Bankr. (3d ed.), 369.

*Affirmed.*